UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE EDWARD JOHNSON,<br>Petitioner,<br>v.<br>S.A.T.F. WARDEN,<br>Respondent. | No. 2:25-cv-01747-DC-SCR<br><br><u>ORDER</u> |

Petitioner is a state prisoner representing himself in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. On February 13, 2026, respondent filed a motion to dismiss asserting that Petitioner filed his § 2254 petition two days after the statute of limitations expired. ECF No. 14. Petitioner has not filed an opposition to the motion.

Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion…." Individuals proceeding pro se are bound by the Court's Local Rules the same as licensed attorneys. <u>See</u> L.R. 183. In addition, Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal; Effect**. If the [petitioner] fails to prosecute or to comply with these rules or a court order, a [respondent] may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that

1. Petitioner is ordered to file an opposition, if any, to the motion to dismiss within thirty days from the date of this order.

2. Failure to file an opposition will be deemed as consent to have the: (a) action dismissed for lack of prosecution; and (b) action dismissed based on petitioner's failure to comply with these rules and a court order. That failure will result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

DATED: September 28, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE